Oliver v. Morse.

---

### George S. Oliver v. Edward L. C. Morse.

1.  CONTRACTS—*To Pay Money on Condition.*—By the terms of an instrument under seal executed by plaintiff, defendant and others, defendant entered into a contract with one Olvera for the purchase of about 30,000 acres of land, and afterward they entered into another contract whereby defendant agreed, as trustee, to organize a corporation for the purchase aforesaid and to raise the sum of $15,000 for the purpose of forming such corporation and paying for the land and promoting the business of the corporation.    After these provisions, the instrument proceeds as follows: Now, therefore, in consideration of the premises, and of the mutual agreements of the parties hereto, it is mutually understood and agreed that said Oliver, as trustee, shall pay to said Morse, in current money of the United States, out of said money so to be raised by him, the sum of $400, within sixty days from the date of this contract; or in case the title to said land become vested in said corporation, or said Oliver, as trustee, in the manner aforesaid, and for the purposes aforesaid, within less than sixty days, then, in that event, the said Oliver, as trustee, shall thereupon immediately pay to said Morse the said sum of $400.    *Held*, that the payment to plaintiff of $400 was conditional upon the raising by the defendant of the $15,000 and procuring as trustee the title to the 30,000 acres of land.

Assumpsit, upon the common counts.    Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding.    Heard in the Branch Appellate Court at the October term, 1902.    Affirmed.    Opinion filed November 11, 1902.

CHARLES DANIELS and SUMNER C. PALMER, attorneys for appellant.

WILLIAM H. QUINLAN, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This action was brought upon an instrument under seal executed by appellant, appellee and others. The instrument recites, among other things, that appellant and one Olvera, June 28, 1897, entered into a contract under seal for the purchase of about 30,000 acres, the property of one Carlota Romero, in the Republic of Mexico, the title thereto being then in her name; that appellant furnished Olvera with certain moneys for the purchase aforesaid; that it being subsequently desired to form a corporation for the purchase and development of such lands, a contract was made between appellant and said Olvera wherein appellant agreed, as trustee, that he would organize said corporation for the purchase aforesaid, and would raise the sum of $15,000 for the purpose of forming such corporation and paying said Carlota Romero for said lands and promoting the business of said corporation.

The contract was thereafter as follows:

"Now, therefore, in consideration of the premises, and of the mutual agreement of the parties hereto, it is mutually understood and agreed that said Oliver, as trustee, shall pay to said Morse, in current money of the United States, out of said money so to be raised by him, the sum of $400, within sixty days from the date of this contract; or, in case the title to said land becomes vested in said corporation, or said Oliver, as trustee, in the manner aforesaid, and for the purposes aforesaid, within less than sixty days, then, in that event, the said Oliver, as trustee, shall thereupon immediately pay to said Morse the said sum of $400.

And it is further agreed that said Oliver, individually, and said Olvera shall, upon the formation of said corporation, each permit and procure to be issued to said Morse, certificates of stock for two per cent of the capital stock of said corporation, making four per cent in all, which shall be a part of their respective interests at twenty-five

per cent each, agreed to belong to them by the terms of the contract between them, made and entered into on the said 17th day of April, A. D. 1899, and hereinbefore described.

And it is further agreed that the said Morse shall and will, upon the payment to him by said Oliver, as trustee, of the said sum of $400, in the manner aforesaid, and the issue to him of certificates of stock for four per cent of the capital stock of said corporation, at the time and in the manner aforesaid, immediately surrender the said contract between him and the said Olvera providing for a three-sevenths interest to him in said lands and release all claims to said lands by reason thereof, and will accept in exchange therefor the said sum of $400, and the said four per cent of the capital stock of said corporation."

Upon the trial it appeared that such corporation was organized and that appellant succeeded in raising $3,000 for the purposes thereof, but was unable to obtain any more; that the title to the Mexican lands could not be acquired by appellant or said company for the reason that it was afterward ascertained that Carlota Romero had no title thereto. Appellant testified that he was under obligations to restore the $3,000 to the persons from whom he obtained it.

It is insisted that as appellant, without his fault, was unable to obtain the $15,000 contemplated by his agreement with appellee, out of which the $400 was to be paid, he is absolved from his obligation to pay the same. The contract recites that appellant had agreed that he would raise the sum of $15,000 for the purposes of said corporation. This recital was entirely true and the promise of appellant to pay $400 to appellee out of such sum is binding, although he was not able to do that he had agreed he would.

There is here no failure of consideration, while there is a failure to realize expectations which the parties had when this contract was made. Appellant did raise more than the sum of $400; his promise to pay the sum last named was in consideration, among other things, of his agreement to raise $15,000.

The judgment of the Superior Court is affirmed.